UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAYWARD LEE MAYHAN,<br><br>    Petitioner,<br><br>    v.<br><br>CONNIE GIPSON, Warden,<br><br>    Respondent. | Case No.: 1:14-cv-01691-AWI-JLT<br><br>ORDER DENYING PETITIONER'S MOTION FOR STAY OF PROCEEDINGS (Doc. 19) |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

The instant petition was filed on October 23, 2014, in the Central District of California and transferred to this Court on October 29, 2014. (Docs. 1; 3; 4). On November 5, 2014, the Court ordered Respondent to file a response to the petition (Doc. 7), and on February 6, 2015, Respondent filed the Answer. (Docs. 7; 17). On March 19, 2015, Petitioner filed the instant motion to stay proceedings in order to allow him to exhaust his claims in state court. (Doc. 19).

## DISCUSSION

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir.

1998); Greenawalt v. Stewar7, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002 (1997). However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11.  Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation.  Id.  In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies.  Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

Notwithstanding the foregoing, until recently, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims.  Rose v. Lundy, 455 U.S. 509 (1982).  However, on March 30, 2005, the United States Supreme Court decided Rhines v. Weber, 544 U.S. 269 (2005).   Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions.  Rhines, 544 U.S. at 276-277.  In so holding, the Supreme Court noted that the procedure should be "available only in limited circumstances."  544 U.S. at 277. Specifically, the Court said it was appropriate only when (1) good cause exists for petitioner's failure to exhaust; (2) petitioner's unexhausted claims are not "plainly meritless" and (3) there is no indication that petitioner engaged in "abusive litigation tactics or intentional delay."  Id. at 277-278; Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2005).  When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.  Rhines, 544 U.S. at 278.

---

[1]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

Here, Petitioner has indicated that he wishes to exhaust his claims in state court. The motion specifically refers to page one, line eight of the Answer in explaining why a stay is needed. (Doc. 19, p. 1). The language Petitioner refers to reads as follows:

> Petitioner must prove exhaustion. A claim purportedly presented on direct appeal is exhausted solely as it was articulated to the California Court of Appeal, and in light of the evidence presented to that court; but subject to the further conditions that precise claim was thereafter timely made to the California Supreme Court in a Petition for Review. A claim purportedly presented on state habeas is exhausted only as explicitly articulated in the pleadings before the California Supreme Court, and limited to the appellate record and further competent evidence presented to that court. Otherwise, the claims in the Petition are barred as unexhausted…and on the merits may only be denied…."

(Doc. 17, p. 1).

First, the Court notes that this "boilerplate" language about exhaustion appears in virtually every Answer filed by Respondent and does not appear to raise the specific affirmative defense of exhaustion as to any particular claim in the instant petition. Rather, it appears to be nothing more than a generalized statement of the obvious, i.e., that *if* Petitioner has not presented all of his claims to the California Supreme Court, then those claims would be unexhausted. However, nowhere in the Answer does Respondent allege that any of the instant claims are actually unexhausted or that they have never been presented to the California Supreme Court. Second, the petition itself alleges that all claims in the petition were presented by petition for review to the California Supreme Court. Nothing in the Answer appears to challenge Petitioner's conclusion regarding exhaustion.

In other words, it appears to the Court that Petitioner has misconstrued the Answer as challenging the instant claims on exhaustion grounds whereas, in reality, the Answer merely states a generalized legal principle regarding federal habeas law, i.e., that claims must be exhausted in state court first. In the Court's view, the Answer, and specifically the quoted language above, does not expressly or impliedly challenge any of the petition's claims as actually being unexhausted. At present, Respondent has answered Petitioner's claims, Petitioner has not filed a Traverse, and the matter is ready for a decision on the merits. For those reasons, no stay is justified and the Court will deny Petitioner's request for such a stay.

///

///

3

1 **ORDER**

2  Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to stay the instant
3 proceedings on his habeas petition (Doc. 19), is DENIED.

4

5 IT IS SO ORDERED.

6  Dated:   **April 6, 2015**                                    /s/ Jennifer L. Thurston
7                                                             UNITED STATES MAGISTRATE JUDGE